## ELIZABETH WELLS

*v.*

## JOHN B. STUMPH.

PROCESS — *sufficiency of return of service by copy.* A return to a chancery summons against A and B, husband and wife, that the officer had served it by reading to A, the husband, and delivering to him a true copy of the writ, and also "by leaving with him at her usual abode a true copy of this writ, for B, his wife, she being over ten years old, and explaining the same to him," is defective, as to the wife, and a default and decree as to her on such return are not warranted.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Mr. JOSEPH E. DYAS, for the plaintiff in error.

Mr. JAMES A. EADS, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

There being no appearance on behalf of either defendant at the term of court to which the summons issued herein was made returnable, a decree passed against both defendants, and the property described in the bill was ordered to be sold, in default of payment of the amount found due. A sale of the mortgaged premises was afterwards made under the decree, by the master in chancery, and at that sale Joseph H. Lallee became the purchaser of the property. At the special August term of court, 1876, Elizabeth Wells, having given complainant and the purchaser at the master's sale notice of the application, entered a motion to set aside the sale and master's report, and to vacate the decree of foreclosure as to her, because she had never been served with process, nor had she appeared to defend the cause, either in person or by attorney. The motion was supported by affidavits, showing there had in fact been no service of process on her, and that she had no knowledge of the pendency of the suit; but the court overruled the motion, and that decision is one of the errors assigned.

Elizabeth Wells, however, brings up a complete record, and assigns upon it, for error, that the decree against her is erroneous, for the reason she had not been served with process, nor had she appeared to defend the cause either in person or by counsel. As our views upon this branch of the case will be conclusive of the whole case, we will not remark upon other points made in argument.

On looking into the record we find the return of service as to plaintiff in error was defective. The officer returned the summons issued in the cause, indorsed, that he had served it by reading to John J. Wells, and delivering to him a true copy of the writ, and also "by leaving with him at her usual place of abode, a true copy of this writ, for Elizabeth Wells, his wife, she being over ten years old, and explaining the same to him."

The affidavit of the officer making the service, shows it is not true, as stated in his return, that any copy of the summons was left for plaintiff in error, with her husband, at "her usual place of abode," but be that as it may, the return of the officer is plainly defective in not stating that the copy of the summons that was left for her, was left with a "person of the family" with defendant. *Non constat,* her husband may have been living separate and apart from her, and only temporarily at " her usual place of abode."

There having been no such service of the summons upon plaintiff in error as the statute requires, and there having been no appearance on her behalf, the decree of foreclosure against her upon default was clearly erroneous, and for that reason the decree as to her will be reversed and the cause remanded, which is done.

*Decree reversed.*